UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOE M. MEYERS, | |
|---|---|
| Petitioner, | |
| v. | CASE NO.: 3:18-CV-910-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Joe M. Meyers, a prisoner without a lawyer, was convicted of murder and kidnapping in cause number 30D01-1407-MR-1275 following a jury trial. On December 3, 2014, the Hancock Superior Court sentenced him to seventy-five years of incarceration. Meyers filed the instant amended habeas corpus petition under 28 U.S.C. § 2254 to challenge that conviction and sentence. ECF 4. The court ordered the Warden to respond pursuant to Section 2254 Habeas Corpus Rule 5, and he did so by filing a motion to dismiss the petition as untimely. ECF 11. Meyers filed a response in opposition to the motion to dismiss. ECF 14. Thus, the motion is ripe for adjudication.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations period for habeas corpus cases, which "run[s] from the latest of" four possible dates. 28 U.S.C. § 2244(d).[1] Question 9 on this court's habeas

---

[1] 28 U.S.C. § 2244(d) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

corpus petition form sets forth the text of the statute and asks for an explanation as to why the petition is timely. In response, Meyers wrote:

> The Indiana Court of Appeals rendered its decision on October 18, 2017, then Meyers' Petition to Transfer to the Indiana Supreme Court and on February 21, 2018, and Transfer was not accepted. According to the provisions of 28 U.S.C. § 2222(d) this Petition is timely.

ECF 4 at 25. The Warden, on the other hand, argues that the petition is not timely because Meyers' conviction became final long before that date; specifically, the Warden claims that it became final on September 29, 2015, when Meyers' direct appeal was dismissed without prejudice at his own request so that he could file a petition for post-conviction relief pursuant to the *Davis-Hatton* procedure. ECF 11 at 8. Thus, the timeliness issue in this case hinges on whether the *Davis-Hatton* dismissal affected "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Indiana, if an appellant files a motion pursuant to *Davis-Hatton*, the appellate court may "terminate or suspend a direct appeal to allow the appellant to pursue a petition for post-conviction relief in the trial court." *Talley v. State*, 51 N.E.3d 300, 302 (Ind. Ct. App. 2016) (citation omitted).[2] If the post-conviction petition is denied, "the appeal may be reinstated, and the issues that would have been raised on direct appeal and the issues litigated in the post-conviction relief proceeding can be raised together." *Id*. at 303.

The Supreme Court has recognized that § 2244(d)(1)(A) relates to two separate categories of petitioners: (1) those who pursue an appeal to the Supreme Court, whose conviction becomes final when that Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari;" and (2) those who do not pursue an appeal to the Supreme Court, whose conviction becomes final when their time to seek review with the Supreme Court, or the state court, expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003) and *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009)). The Supreme Court has acknowledged that when a state court allows the filing of an "out-of-time direct appeal," the limitations period for both categories is essentially "reset." *Id*. at 149 (citing *Jimenez*, 555 U.S. at 120–21).

In *Jimenez*, the petitioner argued that his federal habeas petition was timely because his conviction did not become final until the time for seeking certiorari review

---

[2] *See also Davis v. State*, 368 N.E.2d 1149, 1150 (Ind. 1977); *Hatton v. State*, 626 N.E.2d 442, 442 (Ind. 1993).

3

of the decision regarding his out-of-time appeal had expired.[3] *Jimenez*, 555 U.S. at 117. Both the district court and appellate court disagreed, finding that the one-year limitations period began to run when the time for seeking review of the decision in the petitioner's *first* direct appeal had expired rather than the out-of-time appeal. *Id*. at 117–18. However, the Supreme Court reversed and remanded for further proceedings, noting that, once direct review of the conviction was reopened on September 25, 2002, the conviction was no longer considered final. *Id*. at 120. "Rather, the order granting an out-of-time appeal restored the pendency of the direct appeal, and petitioner's conviction was again capable of modification through direct appeal to the state courts and to this Court on certiorari review." *Jimenez*, 555 U.S. at 120 (internal quotation marks, brackets, and citation omitted). The Court concluded, therefore, that the petitioner's conviction did not become final until January 6, 2004, and held generally that:

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-

---

[3] The petitioner had been sentenced for burglary in 1995 but had failed to receive notice from his attorney of his right to file a pro se brief as set forth in *Anders v. California*, 386 U.S. 738, 744 (1967). *Jimenez*, 555 U.S. at 115–16. When the petitioner eventually learned that his direct appeal had been dismissed, he argued that he had been denied the right to file a meaningful appeal. *Id*. at 116. In September of 2002, the state court agreed and granted him leave to file an out-of-time appeal, noting that, for purposes of appellate procedure, "all time limits shall be calculated as if the sentence had been imposed on the date that the mandate of this Court issues." *Id*. The petitioner filed the out-of-time appeal, and the conviction was affirmed. *Id*. The state court denied discretionary review in October of 2003, and the time for seeking certiorari review of that decision by the Supreme Court expired on January 6, 2004. *Id*. On December 6, 2004, the petitioner filed a second application for state habeas review, which was denied on June 29, 2005. *Id*. He filed his federal habeas petition on July 19, 2005. *Id*.

of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id.* at 121.

Here, because Meyers was permitted to file an out-of-time appeal pursuant to the *Davis-Hatton* procedure after his original appeal was dismissed, the instant case falls squarely within the confines of *Jimenez*. The Indiana Court of Appeals set forth the procedural history of the case as follows:

> On December 3, 2014, Meyers was sentenced to concurrent terms in the Department of Correction of sixty years for murder and twelve years for kidnapping. Meyers' murder sentence was enhanced by an additional fifteen years for being a habitual offender, resulting in an aggregate sentence of seventy-five years.
>
> On January 2, 2015, Meyers filed a Notice of Appeal. On September 29, 2015, this court entered an order granting Meyers' motion for remand pursuant to a *Davis/Hatton* procedure to allow him to file a petition for post-conviction relief. *We also ordered that following the post-conviction proceedings, Meyers could, upon the filing of a new notice of appeal, raise in a subsequent appeal any of the issues which could have been raised in the direct appeal together with any appealable issues arising from the post-conviction proceedings.* On August 8, 2016, Meyers filed his petition for post-conviction relief, primarily claiming ineffective assistance of trial and appellate counsel. On September 2, 2016, the State filed its response refuting Meyers' claims, as well as a motion for summary disposition of Meyers' post-conviction petition. On August 30, 2016, the trial court summarily denied Meyers' petition for post-conviction relief, which was entered in the Chronological Case Summary (CCS) on September 6, 2016. On September 30, 2016, Meyers filed his present Notice of Appeal.

*Meyers v. State*, No. 30A01–1609–PC–2265, 2017 WL 4673753, at *3 (Ind. Ct. App. Oct. 18, 2017) (emphasis added); *see also* ECF 11-8 at 8–9. On October 18, 2017, the out-of-time appeal was decided, and Meyers' conviction was affirmed. *Id*. at *15; *Id*. at 36. Meyers sought transfer to the Indiana Supreme Court, and that request was denied on February 21, 2018. *See* ECF 11-4 at 11. Meyers did not seek certiorari by the United States Supreme

5

Court, and his time to do so expired on May 22, 2018. *See* Sup. Ct. R. 13. Thus, his federal habeas corpus petition was due one year later, on May 22, 2019. *See* 28 U.S.C. § 2244(d)(1)(A). *Jimenez*, 555 U.S. at 121; *see also Ward v. Brown*, No. 2:16-CV-00295-WTL-DLP, 2018 WL 1469285, at *4–6 (S.D. Ind. Mar. 26, 2018) (finding federal habeas petition timely because petitioner utilized the *Davis-Hatton* procedure which reset the clock on his direct appeal). Accordingly, when Meyers filed his amended petition on November 21, 2018,[4] it was well-within AEDPA's statute of limitations.

For these reasons, the court:

(1) DENIES the motion to dismiss (ECF 11); and

(2) ORDERS the Warden to file any additional response to the amended petition—including procedural and/or merits defenses—along with any necessary additions to the State court record by **April 14, 2020**.

SO ORDERED on March 4, 2020

           /s/JON E. DEGUILIO
           JUDGE
           UNITED STATES DISTRICT COURT

---

[4] His original federal habeas corpus petition (ECF 2), which was filed on November 8, 2018, was also timely.